Minute Order Form (06/97)

JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4892 | **DATE** | 7/22/2004 |
| **CASE TITLE** | Tyrone Restivo vs. Kenneth Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the petitioner's petition for writ of habeas corpus is denied. Enter Memorandum Opinion. All pending dates and motions are hereby stricken as moot. Terminating case.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 2 3 2004 date docketed | |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | 11 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 JUL 22 PM 8:13 FILED-EOD | | |
| MW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>ex rel TYRONE RESTIVO,<br><br>Petitioner,<br><br>v.<br><br>KENNETH BRILEY,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 01 C 4892<br>)<br>)<br>)<br>) |

DOCKETED JUL 2 3 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Tyrone Restivo's ("Restivo") petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. For the reasons stated below we deny the petition.

## BACKGROUND

Restivo is currently incarcerated at Stateville Correctional Center ("Stateville") in Illinois. In 1996, after a jury trial, Restivo was convicted of aggravated criminal sexual assault and sentenced to 55 years imprisonment. Restivo appealed his conviction and on July 7, 1998 an Illinois appellate court affirmed the

1

conviction. Restivo then filed for leave to appeal to the Illinois Supreme Court and on October 6, 1998 the Illinois Supreme Court denied Restivo leave to appeal. Restivo then filed a post-conviction petition and an Illinois trial court dismissed the post-conviction petition. Restivo appealed the dismissal and on October 23, 2000 an Illinois appellate court affirmed the dismissal. Restivo then filed a petition for leave to appeal to the Illinois Supreme Court and on January 29, 2001 the Illinois Supreme Court denied Restivo leave to appeal. On June 26, 2001 Restivo filed the instant habeas corpus petition. In his habeas petition Restivo first argues that he received ineffective assistance by trial counsel because his counsel allegedly "failed to properly investigate and prepare to rebut and impeach the opinion testimony of the prosecution's witness, and . . . failed to properly investigate and prepare to rebut and impeach the opinion testimony of the prosecution's expert witness." (Hab. Pet. 3). Restivo also argues in his habeas petition that his sentence is unconstitutional pursuant to *Apprendi v. New Jersey.* 530 U.S. 406 (2000).

## LEGAL STANDARD

A district court may entertain a habeas corpus petition from a "person in custody pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." 28

U.S.C. §2254(a). Pursuant to 28 U.S.C. §2254 a habeas corpus petition shall not be granted:

> on behalf of a person in custody pursuant to the judgment of a State Court . . . unless the adjudication of the claim . . . (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. . . .

28 U.S.C. §2254(d).

## DISCUSSION

A federal court will not address a question of federal law presented in a habeas corpus petition brought to contest a state court ruling if "the state decision rests upon a state procedural ground that is independent of the federal question and adequate to support the judgment." *Page v. Frank*, 343 F.3d 901, 905 (7th Cir. 2003). Before a plaintiff can present a claim in a habeas corpus petition the petitioner must have presented it in "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Restivo first raised the argument that he received ineffective assistance counsel in his post conviction proceedings. The Illinois state appellate court that affirmed the dismissal of the post-conviction petition affirmed the trial court's decision on an independent and adequate state ground. The appellate court found

3

that this issue regarding adequacy of counsel could have been raised on Restivo's direct appeal. Therefore, Restivo's arguments regarding ineffective assistance of counsel are procedurally defaulted and we can only address the arguments if an exception applies.

A federal court can review defaulted claims if the petitioner "shows cause for failure to raise them at the appropriate time and actual prejudice which resulted from such failure" or, "[a]bsent such a showing, a defaulted claim is reviewable only if refusal to consider it would result in a 'fundamental miscarriage of justice. . . .'" *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999). Restivo has not shown cause or prejudice, and, after a review of the record and the briefs, we are not convinced that if we did not consider the defaulted issues that there would be a fundamental miscarriage of justice.

In regards to Restivo's claim that his sentence is unconstitutional pursuant to *Apprendi v. New Jersey*. 530 U.S. 466 (2000), Restivo failed to properly raise this argument in the state courts and the claim is procedurally defaulted. We are not convinced that the above mentioned exceptions apply or that if we did not consider the issue there would be a fundamental miscarriage of justice. We note in any case that the argument is without merit because the rule of law stated in *Apprendi* does not apply retroactively to collateral proceedings. *See Garrott v. U.S.*, 238 F.3d 903,

906 (7th Cir. 2001)(stating that "no appellate court has held" that "*Apprendi* applies retroactively on collateral attack. . . ."); *Talbott v. Indiana*, 226 F.3d 866, 868 (7th Cir. 2000)(stating that "retroactive application must be declared by the Supreme Court itself.").

## CONCLUSION

Based on the foregoing analysis, we deny the petition for writ of habeas corpus.

Samuel Der-Yeghiayan
United States District Judge

Dated: July 22, 2004

5